THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
CRAIG YATES
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation;<br><br>          Defendants.<br>_____ | **CASE NO. 05-3610 JL**<br>**Civil Rights**<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) |

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, and allege as follows:

**INTRODUCTION:**

1.	This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' WOODSIDE OFFICE CENTER, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.	Plaintiff CRAIG YATES is a person with physical disabilities who, on or about June 19, 2004, January 20, 2005, February 4, 2005 and July 21, 2005, was an invitee, guest, patron, customer at defendants' WOODSIDE OFFICE CENTER, in the City of Novato, California.  At said time and place, defendants failed to provide proper legal access to the center, which is a "public accommodation" and/or a "public facility" including, but not limited to path of travel, parking and restroom doors.  The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

///

///

///

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959 and Title 24, California Building Standards Code. Further, a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, is a violation of Civil Code §51 & 54.

4. **Venue:** Venue is proper in this court and is founded on the facts that the real property which is the subject of this action is located in this district at/near 7250 Redwood Hwy., in the City of Novato, County of Marin, State of California, and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5. Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a tri-plegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51, 51.5 and 54, *et seq.*

///
///
///

6.     Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.

7.     Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by the WOODSIDE OFFICE CENTER, a public accommodation located at/near 7250 Redwood Hwy., Novato, California, and subject to the requirements of California state law requiring full and equal access to public facilities pursuant to §19955 of the Health & Safety Code, and §§51, 51.5, 52(a), 54.1 and 54.3 of the Civil Code, and subject to Title III of the Americans with Disabilities Act of 1990, and to all other legal requirements referred to in this complaint.

8.     At all times relevant to this complaint, defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, are the lessees, or agents of the lessees, and/or lessors, of said premises, and/or alter egos of the lessees, lessors and their agents, and own and operate in joint enterprise the subject WOODSIDE OFFICE CENTER as a public facility at/near 7250 Redwood Hwy., Novato, California.  This business is open to the general public and conducts business therein.  The business operating on said premises is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §54, *et seq.*  Plaintiffs do not know the relative responsibilities of each of the defendants in the operation of the facilities herein complained of, and allege a joint venture and common enterprise by all such defendants.

///

9.    At all times relevant to this complaint, defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, are the landlords/lessors, tenants/lessees and the owners and operators of the subject WOODSIDE OFFICE CENTER, a public facility located at/near 7250 Redwood Hwy., Novato, California.  As such, these defendants are jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201          General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

10.    Plaintiffs do not know the true names of defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants.  Plaintiffs are informed and believe that each of the defendants herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing

the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, are ascertained.

11. Plaintiffs are informed and believe that all named defendants conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

**PRELIMINARY FACTUAL ALLEGATIONS:**

12. Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, are the private persons and/or entities that are public accommodations that own, lease (or lease to), or operate the WOODSIDE OFFICE CENTER, located at/near 7250 Redwood Hwy., Novato, California. The WOODSIDE OFFICE CENTER, its path of travel, parking, restroom doors and its other facilities are each a "place of public accommodation or facility" subject to the requirements of the Americans with Disabilities Act and California Health & Safety Code §19955, *et seq.* On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the WOODSIDE OFFICE CENTER and each of its facilities, its path of travel, parking and restroom doors to handicapped access requirements per the Americans with Disabilities Act Accessibility Guidelines for Buildings & Facilities (ADAAG), Civil Code §54.1, and §19959, Health & Safety Code.

13. Plaintiff CRAIG YATES is a person with a disability. Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff CRAIG YATES is a tri-plegic. Plaintiff CRAIG YATES requires the use of a wheelchair for mobility and to travel in public.

///

///

///

14.     Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501)(c)(3) organization, the purposes of which are promoting, providing and advocating disability rights, education, independent living, enforcement and services which help provide assistance to persons with disabilities and persons and entities who in turn will help others who have disabilities.

15.     That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject WOODSIDE OFFICE CENTER, and that the interests of plaintiff DREES in removing architectural barriers at the subject office center advance the purposes of DREES to assure that all public accommodations, including the subject office center, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

16.     At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

17.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the WOODSIDE OFFICE CENTER as being handicapped accessible and handicapped usable.

18.     On or about June 19, 2004, January 20, 2005, February 2, 2005 and July 21, 2005, plaintiff CRAIG YATES was an invitee and guest at the subject WOODSIDE OFFICE CENTER for purposes of looking for and at office space.

19.     On or about June 19, 2004, plaintiff CRAIG YATES was an invitee and guest at the subject WOODSIDE OFFICE CENTER for purposes of determining whether the newly constructed center was unuseable by all persons within the Novato and surrounding communities who are disabled and to determine whether DREES could conduct business there.

20.     At said time and place, plaintiff found that unless a person with disabilities had access to a motorized vehicle that only that disabled person could access the center while the center has access from the street by use of stairs that access is for the exclusive use of able bodied persons.

21. At said time and place, plaintiff CRAIG YATES was precluded from accessing the center without the use of his van.

22. At said time and place, plaintiff CRAIG YATES drove his vehicle throughout the complex and found a number of parking lots without handicapped parking.

23. At said time and place, plaintiff found that there was a clear lack of directional signage and van accessible parking.

24. At said time and place, plaintiff CRAIG YATES also discovered that while all of the restrooms were accessible, all of the exterior restroom doors had door pressure in excess of 15 lbs., some as great as 20 lbs.

25. On or about January 20, 2005, plaintiff CRAIG YATES, upon driving into the WOODSIDE OFFICE CENTER, did not see any path of travel from the public sidewalk to the center.

26. At said time and place, plaintiff CRAIG YATES came to the upper parking area and did not find any van accessible parking.

27. At said time and place, plaintiff went into the subject building and toured it. Plaintiff found that while the men's restroom on each floor were for the most part accessible, the door pressure for each of the men's restrooms was excessive. Plaintiff CRAIG YATES opened the restroom doors and the pressure was so excessive that it caused plaintiff stress and strain to his upper extremities.

28. This was plaintiff CRAIG YATES' first visit. As a result, plaintiff CRAIG YATES telephoned Meridian Commercial and spoke with a "Steve" who put plaintiff CRAIG YATES in contact with Brian Foster, also with Meridian Commercial.

29. On or about February 2, 2005, plaintiff CRAIG YATES e-mailed Brian Foster as plaintiff CRAIG YATES was concerned with access from the street:

> The location was of interest to me. Does the building
> have accessibility from the street level or just
> the main entrance? I didn't see a sidewalk leading
> to the complex - or did I miss it?

///

///

///

///

30.     On or about February 3, 2005, plaintiff CRAIG YATES received an e-mail from Brian Foster which read, in part,

> The building has access from the back on Hillside
> main entrance and from the elevator entrance
> located inside the garage.  Feel free to walk
> the project or call me with any questions.

31.     On or about February 4, 2005, plaintiff CRAIG YATES returned to the WOODSIDE OFFICE CENTER.  Plaintiff CRAIG YATES thought that perhaps the elevator was somehow connected to the sidewalk at the street below.

32.     At said time and place, plaintiff CRAIG YATES once again went into the parking lot and this time into the garage.  Plaintiff CRAIG YATES discovered that the elevator only served the upper floors.  Plaintiff CRAIG YATES also noted that the handicapped parking stalls were problematic.

33.     On or about February 4, 2005, after plaintiff CRAIG YATES went to WOODSIDE OFFICE CENTER, plaintiff CRAIG YATES e-mailed Brian Foster, to wit:

> Went there today, but I didn't see any access from
> the street level for any pedestrians with mobility issues
> to the garage level.

Plaintiff CRAIG YATES did not receive a response.

34.     On or about June 19, 2004, plaintiff CRAIG YATES returned to WOODSIDE OFFICE CENTER to determine if any remedial work had been done to provide access from the street.  It was apparent to plaintiff CRAIG YATES that there still was no access from the street.

35.     On or about July 1, 2005, plaintiff CRAIG YATES returned to the WOODSIDE OFFICE CENTER to determine if any of the architectural barriers stated herein had been removed and saw that none had.

36.     Therefore, at said time and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject WOODSIDE OFFICE CENTER, which constituted architectural barriers and a denial of the proper and legally-required

access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.    lack of directional signage to show accessible routes of travel i.e entrances from the street level;

      b.    lack of the requisite type and number of disabled parking stall(s);

      c.    lack of disabled van accessible parking stall(s);

      d.    lack of an access from the sidewalk to the office center;

      e.    lack of reduced door pressure throughout, in specifically the men's and women's restroom doors on all floors, and;

      f.    on personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

37.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

38.    On or about February 22, 2005, defendants were sent letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 30 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

39.    At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

///

///

///

40.     As a legal result of defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

41.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers and physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

42.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES fatigue, stress, strain and pain in futilely attempting to overcome the architectural barriers as stated herein.

///

///

///

43.     Plaintiff CRAIG YATES is "physically handicapped", "physically disabled" or a "person with physical disabilities" who was denied his rights to equal access to a public facility by defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, because defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, maintained a commercial office building without access for persons with physical disabilities to its facilities, including but not limited to the path of travel, parking, restroom doors and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

44.     Plaintiff DREES, whose members and the disability community that DREES serves are "physically handicapped", "physically disabled", or "persons with physical disabilities" and were, are and will be denied their rights to equal access to a public facility by defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, because defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, maintained a commercial office building without access for persons with physical disabilities to its facilities, including but not limited to the path of travel, parking, restroom doors and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

45.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

///

///

///

///

46.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the WOODSIDE OFFICE CENTER to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the center as a public facility.  Plaintiffs seek damages for violation of their civil rights on June 19, 2004, January 20, 2005, February 4, 2005 and July 21, 2005 and they seek statutory damages of not less than $4,000 per day, pursuant to §§52(a) and 54.3, California Civil Code, for each day after his visit that plaintiff was deterred from returning to the center because of his knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

47.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

48.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the WOODSIDE OFFICE CENTER accessible to persons with disabilities.

49.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify

exemplary damages pursuant to §3294 of the Civil Code, in amounts sufficient to make a more profound example of defendants, and each of them, to other operators of other office complexes and other public facilities, and to punish defendants and to carry out the purposes of §3294 of the Civil Code.

50.     Plaintiffs are informed and believe and therefore allege that defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, and each of them, caused the subject building(s) which constitute the WOODSIDE OFFICE CENTER to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the WOODSIDE OFFICE CENTER and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said WOODSIDE OFFICE CENTER and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of WOODSIDE OFFICE CENTER and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Part 5.5, Health & Safety Code §19955-19959, *et seq.* and elsewhere in the laws of California.

51.     On information and belief, the subject public facilities and building(s) of WOODSIDE OFFICE CENTER denied full and equal access to plaintiffs and other persons with physical disabilities in other respects due to noncompliance with requirements of Title 24 of California Building Standards Code and Health & Safety Code §19955, *et seq.*

52.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the WOODSIDE OFFICE CENTER and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, the plaintiff CRAIG YATES

himself, sponsors of conferences, owners of other businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the WOODSIDE OFFICE CENTER accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of each defendant is within each defendant's exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the center. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of punitive and exemplary damages per Civil Code §3294.

53. Punitive Damages -- Defendants, and each of them, at times prior to and including June 19, 2004, January 20, 2005, February 4, 2005 and July 21, 2005, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by plaintiffs and

other similarly situated persons with disabilities, including the specific notices referred to in paragraphs 37, 38 and 52 of this complaint. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and have refused to comply with their legal obligations to make the WOODSIDE OFFICE CENTER accessible pursuant to the Americans with Disabilities Act of 1990, Americans with Disabilities Act Accessibility Guidelines (ADAAG) and Title 24. Such actions and continuing course of conduct by defendants, and each of them, evidence despicable conduct in conscious disregard for the rights or safety of plaintiffs and of other similarly situated persons, justifying an award of exemplary and punitive damages pursuant to §3294, Civil Code.

54.     Defendants', and each of their, actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as plaintiffs and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Furthermore, defendants', and each of their, refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of plaintiffs and other members of the public with physical disabilities.

55.     Plaintiffs pray for an award of punitive damages against defendants, and each of them, pursuant to Civil Code §3294 in an amount sufficient to make a more profound example of defendants and discourage owners and operators of other commercial office complexes, and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiffs do not know the financial worth of defendants, or the amount of punitive damages sufficient to accomplish the public purposes of §3294 of the Civil Code and seek leave to amend this complaint when such facts are known.

56.     Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could

1  and will return to the subject public accommodation when it is made accessible to persons with

2  disabilities.

3  ///

4  **I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
5      DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
6      EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
       benefit corporation and Against Defendants WOODSIDE OFFICE CENTER LLC., a
7      California limited liability company; and EQUITY OFFICE PROPERTIES
       MANAGEMENT CORP., a Delaware corporation, inclusive)
8      (42 U.S.C. §12101, *et seq.*)

9       57.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

10  the allegations contained in paragraphs 1 through 56 of this complaint.

11      58.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

12  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

13  protect:

14          some 43 million Americans with one or more physical or mental
            disabilities; [that] historically society has tended to isolate and
15          segregate individuals with disabilities; [that] such forms of
            discrimination against individuals with disabilities continue to be a
16          serious and pervasive social problem; [that] the nation's proper
            goals regarding individuals with disabilities are to assure equality
17          of opportunity, full participation, independent living and economic
            self-sufficiency for such individuals; [and that] the continuing
18          existence of unfair and unnecessary discrimination and prejudice
            denies people with disabilities the opportunity to compete on an
19          equal basis and to pursue those opportunities for which our free
            society is justifiably famous.

20
21      59.    Congress stated as its purpose in passing the Americans with Disabilities Act of

   1990 (42 U.S.C. §12102):
22
          It is the purpose of this act (1) to provide a clear and
23          comprehensive national mandate for the elimination of
            discrimination against individuals with disabilities; (2) to provide
24          clear, strong, consistent, enforceable standards addressing
            discrimination against individuals with disabilities; (3) to ensure
25          that the Federal government plays a central role in enforcing the
            standards established in this act on behalf of individuals with
26          disabilities; and (4) to invoke the sweep of Congressional
            authority, including the power to enforce the 14th Amendment and
27          to regulate commerce, in order to address the major areas of
            discrimination faced day to day by people with disabilities.
28

60.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> . . .
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment, and;
>
> (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment.

42 U.S.C. §12181(7)(E)(F)(K)

61.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

62.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

63.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of WOODSIDE OFFICE CENTER pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

64.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///

///

65.     On information and belief, construction work on, and modifications of, the subject building(s) of WOODSIDE OFFICE CENTER occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

66.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs cannot return to or make use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

67.     Per 42 U.S.C. 12188 (a)(1), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this last section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about July 21, 2005, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

68.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

69. Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a), 54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is a violation of California's Unruh Civil Rights Act.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

70. Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 69 of this complaint.

71. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

72. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions

and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

///

///

73. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

74. Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1. Plaintiffs have been denied full and equal access on an ongoing basis since the date of plaintiff CRAIG YATES's first visit. As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the WOODSIDE OFFICE CENTER because of their knowledge and belief that the center is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

75. The public facilities above described constitute "public facilities and public accommodations" within the meaning of Health & Safety Code §19955 and were facilities to which members of the public are invited. The aforementioned acts and omissions of defendants, and each of them, constitute a denial of equal access to use and enjoyment of these facilities by persons with disabilities including plaintiffs. Said acts and omissions are also in violation of provisions of Title 24 of the California Building Standards Code.

76. On or about June 19, 2004, January 20, 2005, February 2, 2005 and July 21, 2005, plaintiff CRAIG YATES suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff CRAIG YATES was denied access to the path of travel, parking, restroom doors and other public facilities as stated herein at the WOODSIDE OFFICE CENTER and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

77. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff CRAIG YATES suffered fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers and emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

78. Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

about June 19, 2004, January 20, 2005, February 2, 2005 and July 21, 2005, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

79.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of §54.3 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

## III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*

(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive)
(Health & Safety Code §19955, *et seq.*)

80.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 79 of this complaint.

81.     Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

82.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the WOODSIDE OFFICE CENTER and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the center and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said center and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

83.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the WOODSIDE OFFICE CENTER and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

84.    Commercial complexes such as the WOODSIDE OFFICE CENTER are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

85.    As a legal result of denial of access to plaintiffs as hereinabove described, plaintiff CRAIG YATES suffered bodily and emotional injuries expectedly, normally and naturally associated with a denial of access to path of travel, parking, restroom doors and other public areas as stated herein.

86. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities, suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities, and plaintiff CRAIG YATES further suffered fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers and emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry expectedly and naturally associated with a person with physical disabilities being denied access, all to plaintiffs' damages as prayed hereinafter in an amount within the jurisdiction of this court.

87. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

88. Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

89. Plaintiffs seek damages pursuant to California Civil Code §§52(a) and 54.3.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

///

1   ///

2   ///

3   ///

4   ///

5   **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
6       AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
7       (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
8       benefit corporation, and Against Defendants WOODSIDE OFFICE CENTER LLC., a
        California limited liability company; and EQUITY OFFICE PROPERTIES
9       MANAGEMENT CORP., a Delaware corporation, inclusive)
        (Civil Code §51, 51.5)

10
        90.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,
11
        the allegations contained in paragraphs 1 through 89 of this complaint.
12
        91.     Defendants' actions and omissions and failure to act as a reasonable and prudent
13
        public accommodation in identifying, removing and/or creating architectural barriers, policies,
14
        practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The
15
        Unruh Act provides:
16
                This section shall be known, and may be cited, as the
17              Unruh Civil Rights Act.

18              All persons within the jurisdiction of this state are free and
                equal, and no matter what their sex, race, color, religion, ancestry,
19              national origin, or **disability** are entitled to the full and equal
                accommodations, advantages, facilities, privileges, or services in
20              all business establishments of every kind whatsoever.

21              This section shall not be construed to confer any right or
                privilege on a person that is conditioned or limited by law or that is
22              applicable alike to persons of every sex, color, race, religion,
                ancestry, national origin, or **disability.**
23
                Nothing in this section shall be construed to require any
24              construction, alteration, repair, structural or otherwise, or
                modification of any sort whatsoever, beyond that construction,
25              alteration, repair, or modification that is otherwise required by
                other provisions of law, to any new or existing establishment,
26              facility, building, improvement, or any other structure . . . nor shall
                anything in this section be construed to augment, restrict, or alter
27              in any way the authority of the State Architect to require
                construction, alteration, repair, or modifications that the State
28              Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336)
shall also constitute a violation of this section.

///

///

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

92. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

93. Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs

accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at ¶¶56, *et seq*., as if repled herein.

///

94.     As a legal result of the violation of plaintiff CRAIG YATES's civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers and emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq*.)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive)
(42 U.S.C. §12101, *et seq*.)

1.     For injunctive relief, compelling defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive, to make the WOODSIDE OFFICE CENTER, located at 7250 Redwood Hwy., Novato, California, readily accessible to and usable by individuals with disabilities, per Public Law 10 1-336, §308; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

1    3.    For such other and further relief as the court may deem proper.

2    ///

3    ///

II.    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
4    EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
       AND 54.3, *ET SEQ.***
5    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
       EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
6    corporation, and Against Defendants WOODSIDE OFFICE CENTER LLC., a California
       limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT
7    CORP., a Delaware corporation, inclusive)
       (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8
       1.    For injunctive relief, compelling defendants WOODSIDE OFFICE CENTER
9
       LLC., a California limited liability company; WOODSIDE OFFICE CENTER LLC., a
10
       California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT
11
       CORP., a Delaware corporation, inclusive, to make the WOODSIDE OFFICE CENTER, located
12
       at 7250 Redwood Hwy., Novato, California, readily accessible to and usable by individuals with
13
       disabilities, per state law.
14
       2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
15
       each day that plaintiffs were deterred from returning to the subject public accommodation.
16
       3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil
17
       Procedure §1021.5, if plaintiffs are deemed the prevailing party;
18
       4.    Punitive damages pursuant to Civil Code §3294;
19
       5.    For all costs of suit;
20
       6.    Prejudgment interest pursuant to Civil Code §3291;
21
       7.    Such other and further relief as the court may deem just and proper.
22
III.   **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
23    EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
       AND 54.3, *ET SEQ.***
24    (On Behalf of Plaintiff CRAIG YATES, and Against Defendants WOODSIDE OFFICE
       CENTER LLC., a California limited liability company; and EQUITY OFFICE
25    PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive)
       (California Civil Code §§54, 54.1, 54.3, *et seq.*)

26
       1.    General and compensatory damages according to proof.
27
       ///
28
       ///

///

///

**IV.** **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *ET. SEQ.*
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive, to make the WOODSIDE OFFICE CENTER, located at 7250 Redwood Hwy., Novato, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

**V.** **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *ET. SEQ.*
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      General and compensatory damages according to proof under Civil Code §§52(a) and 54.3;

2.      Special and consequential damages according to proof under Civil Code §§52(a) and 54.3.

///

///

///

///

///

## VI. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)

(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each day that plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Punitive damages pursuant to Civil Code §3294;

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

## VII. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)

(On Behalf of Plaintiff CRAIG YATES, and Against Defendants WOODSIDE OFFICE CENTER LLC., a California limited liability company; and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., a Delaware corporation, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.


Dated: September 14, 2005          THOMAS E. FRANKOVICH
                                   *A PROFESSIONAL LAW CORPORATION*

By: _____/s/_____
             THOMAS E. FRANKOVICH
Attorneys for Plaintiffs CRAIG YATES and DISABILITY
RIGHTS ENFORCEMENT, EDUCATION,
SERVICES:HELPING YOU HELP OTHERS, a California
public benefit corporation